1722-CC00092

Electronically Filed - City of St. Louis - January 10, 2017 - 05:20 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| NELSON C. SCHERRER, individually, and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) vs. ) No.: ) FOREMOST INSURANCE COMPANY ) GRAND RAPIDS, MICHIGAN, ) ) Serve: Director of Insurance ) 301 West High St. ) Jefferson City, MO 65101 ) ) Defendant. ) | |

### PETITION FOR DECLARATORY AND CLASS ACTION RELIEF

Plaintiff Nelson C. Scherrer, on his own behalf and on behalf of all others similarly situated, for his Complaint for Declaratory and Class Action Relief, states:

#### Parties, Jurisdiction, and Venue

1. Plaintiff Nelson C. Scherrer ("Plaintiff") is a resident of Jefferson County, Missouri.

2. Defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost") is a corporation organized and existing under Michigan law with its principal place of business in Grand Rapids, Michigan. Foremost is licensed to sell homeowner and property insurance in the State of Missouri.

3. Foremost has insurance agents in the City of St. Louis for the conduct of its usual and customary business, including the sale of insurance policies.

4. This court has personal jurisdiction over Foremost because Foremost contracts to insure property and risks in Missouri, transacts business in Missouri, enters into contracts in

Missouri, committed the acts at issue in this lawsuit in Missouri, and otherwise has sufficient minimum contacts with the State of Missouri.

5. There are no class action lawsuits pending against Foremost in the State of Missouri challenging Foremost's practice of depreciating labor in connection with the payment of homeowner and property insurance claims.

6. Foremost has not reimbursed the depreciated costs of labor to Plaintiff or to the members of the proposed class described in this Complaint.

**Claim on the Virginia Property**

7. Plaintiff owns residential real property at 4123 Virginia Avenue, St. Louis, Missouri ("Virginia property") that was damaged as the result of a rain storm on or about August 15, 2016. Water damage occurred throughout the Virginia property, including in the living room, bedrooms, closets, foyer, hallways, bathroom and kitchen areas.

8. On that day, the Virginia property was insured by Foremost under policy number 0091136394. The policy included, among other coverages, indemnity coverage for structural damage.

9. Plaintiff submitted a claim to Foremost and requested indemnity for the damage to the Virginia property.

10. Foremost confirmed that the Virginia property sustained a covered loss and that Foremost had an obligation and duty to pay Plaintiff the actual cash value of the damaged portions of the Virginia property under the terms of the insurance policy.

11. Foremost's adjuster inspected the damage to the Virginia property on August 23, 2016. The adjuster calculated that the cost to repair the damage to the Virginia property to be

$53,834.42. The repair cost calculated by the adjuster included costs for material, labor and sales tax.

12.     Foremost reduced the amount it would pay Plaintiff to indemnify him for the covered damage to the Virginia property by depreciation of $18,340.19. This reduction resulted in an asserted actual cash value ("ACV") amount of $47,838.42. In October and November of 2016, after subtracting the contractual deductible of $2,500.00, Foremost issued a payments to Plaintiff totaling $45,338.42. Foremost sent Plaintiff an estimate reflecting these amounts and calculations on November 9, 2016.

13.     Foremost, in its calculation of ACV, depreciated the cost of both materials and labor required to repair the Virginia Property.

14.     Foremost, in its calculation of ACV, depreciated various components of labor. As one example, Foremost estimated the cost of painting the baseboard in a living room to be $276.21, but depreciated this mixed item of labor and materials by $73.66. Other examples in which Foremost depreciated components of labor include Foremost depreciating the cost to replace crown molding, replace laminate wood flooring, and painting walls and ceilings. Foremost also depreciated the labor costs for other work necessary to repair the Virginia property.

15.     The ACV payment Foremost made to Plaintiff depreciated the costs of labor even though labor does not depreciate in value over time. Foremost depreciated costs associated with labor throughout its ACV calculation.

16.     Foremost's depreciation of labor costs associated with repairing the Virginia property resulted in Plaintiff receiving payment for the loss in an amount less than Plaintiff was entitled to under the insurance policy. Foremost breached its obligations under the policy by

improperly depreciating the cost of labor. As a result, upon information and belief, Plaintiff suffered damage in an amount greater than $500.

17. The Foremost policy issued to Plaintiff does not refer to the depreciation of labor in connection with the calculation of ACV. The policy does not define "depreciation."

18. At all relevant times, Foremost's method for calculating ACV has been to determine the cost of repairing or replacing the damaged property, and then to deduct depreciation. Foremost's course of conduct in structural damage claims within the State of Missouri has been to interpret ACV to mean repair and replacement cost less a deduction for depreciation. Foremost does not interpret ACV, nor calculate ACV, by resorting to before and after market value comparisons.

19. Foremost uses computer software to make these ACV calculations. Foremost or its software provider retained information reflecting the dollar amount of labor depreciated in each ACV calculation made for the putative class members.

20. Materials used in the repair or replacement of damaged property diminish in value over time due of age, wear and tear or obsolescence. As such, materials depreciate. In contrast, labor, an intangible, is not susceptible to aging or wear. Its value does not diminish over time. Conceptually, practically, and under common understanding, depreciation cannot be applied to labor costs in the context of indemnification insurance.

21. Foremost's practice of depreciating labor costs is inconsistent with the universally accepted premise that the fundamental purpose of property insurance is to provide indemnity to policy holders. To indemnify means to put the insured back in the position he or she enjoyed before the loss - no better and no worse. A policy, like Foremost's policy, that provides for payment of

Electronically Filed - City of St. Louis - January 10, 2017 - 05:20 PM

the actual cash value of a covered loss is an indemnity contract because the purpose of the ACV payment is to make the insured whole after the loss that occurred.

22. While an insurer may lawfully depreciate material costs in calculating the amount of an ACV payment owed to an insured, it may not lawfully depreciate labor costs. Foremost's failure to pay the full cost of the labor necessary to repair or replace the Virginia property in its ACV payment left the Plaintiff under-indemnified and underpaid for his loss.

23. Foremost materially breached its duty to indemnify Plaintiff by depreciating labor costs associated with repairs to the Virginia property in its ACV payment, thereby paying Plaintiff less than what he was entitled to receive under the terms of the insurance contract.

## Count I - Class Allegations — Declaratory Relief

24. Plaintiff restates and incorporates by reference all preceding allegations.

25. A justiciable controversy exists between Plaintiff and Foremost as to whether the term "Actual Cash Value", as defined in the policy, allows Foremost to depreciate the value of labor necessary to repair or replace damaged property in calculating Foremost's payments under the policy to Plaintiff and other Missouri persons covered by identical or substantially similar Foremost policies.

26. Plaintiff has a legally protectable interest in that he is an insured under the Foremost policy and Foremost has refused and continues to refuse to pay him the full indemnity he is entitled to receive under the policy.

27. Plaintiff has no adequate remedy at law.

28. Plaintiff seeks to represent the following class:

> Foremost Insurance Company Grand Rapids, Michigan ("Foremost") property insurance policyholders who submitted a claim for structural damage claim to a property in Missouri, and whose actual cash value

Electronically Filed - City of St. Louis - January 10, 2017 - 05:20 PM

Electronically Filed - City of St. Louis - January 10, 2017 - 05:20 PM

("ACV") payment was reduced by the withholding of labor depreciation, during the time period from January XX, 2007 to the date of trial, inclusive.

This class includes policyholders who submitted claims for which an ACV payment was made on or after January XX, 2007.

This class includes any policyholder who received no payment from Foremost solely because the withholding of labor depreciation caused the value of the claim to drop below the applicable deductible.

Excluded from the class is any policyholder who received the full limits of applicable coverage.

Excluded from the class is any policyholder whose claim was the subject of an appraisal or individual lawsuit.

Excluded from the class are the members of the judiciary and their staff to whom this action is assigned; Foremost and its affiliates, officers and directors; and plaintiff's counsel.

29. Foremost has acted on grounds generally applicable to the class in that Foremost has routinely depreciated the cost of labor in its adjustment of property damage insurance claims where its insureds elect to receive actual cash value payments under their homeowner or property insurance policies. It is reasonable to expect that Foremost will continue to depreciate the cost of labor to reduce the amount it pays to its insureds under these policies absent a decision by the court.

30. On information and belief, the class consists of thousands of people. It is impractical to join them all in this case.

31. The relatively small amounts of damage suffered by most class members make filing separate suits by individual class members economically unfeasible and impracticable.

32. Plaintiff is similarly situated to the other members of the class, and will fairly and adequately represent all members of the class. He has no relationship with Foremost other than as an adverse party in this case.

33. Plaintiff's claims are typical of the class claims. Common questions of law and fact apply to Plaintiff's claims and the claims for the class. These common questions include:

   a. Whether Foremost's policy language allows Foremost to depreciate labor costs in its calculation of ACV payments;

   b. Whether Foremost's depreciation of labor costs in its calculation of ACV payments breaches the insurance policy;

   c. Whether the term "actual cash value" as defined in the Foremost insurance policy is ambiguous and susceptible to more than one reasonable interpretation, including an interpretation that permits depreciation of material costs only and not labor;

   d. Whether Foremost has a custom and practice of depreciating labor costs in its calculation of ACV payments; and,

   e. Whether Plaintiff and the class have suffered damage as a result of Foremost's depreciation of labor costs in its calculation of ACV payments.

34. Proposed counsel for the proposed class, Butsch Roberts & Associates LLC are knowledgeable and experienced in class action and insurance litigation, and will fairly and adequately represent the interests of the proposed class.

35. No unusual difficulties are anticipated in the management of this case as a class action.

### Demand for Judgment

Plaintiff Nelson C. Scherrer, individually, and on behalf of the proposed class, requests that the Court grant the following relief:

   a. Enter an order under Missouri Rule of Civil Procedure 58.02(b)(2) certifying this action as a class action and appointing Plaintiff Nelson C. Scherrer as the representative of the plaintiff class;

   b. Enter an order appointing Butsch Roberts & Associates LLC as counsel for the plaintiff class;

Electronically Filed - City of St. Louis - January 10, 2017 - 05:20 PM

Electronically Filed - City of St. Louis - January 10, 2017 - 05:20 PM

 c. Enter judgment declaring that Foremost's depreciation of labor costs is contrary to the insurance policies it issued to Plaintiff and members of the plaintiff class;

 d. Enter judgment awarding Plaintiff and the members of the plaintiff class as damages all sums depreciated with respect to labor costs under the policy, plus prejudgment interest of 9% on all such sums;

 e. Enter judgment awarding class counsel reasonable attorneys' fees and all expenses of this action under Missouri Rule of Civil Procedure Rule 52.08 and the common fund doctrine, and requiring Foremost to pay the costs and expenses of class notice and claim administration; and,

 f. Award Plaintiff and members of the class the costs of this action and grant them any further and additional relief to which they may be entitled.

## Count II - Class Allegations — Breach of Contract

36. Plaintiff restates and incorporates by reference all preceding allegations.

37. By depreciating labor in its calculation of Plaintiff's ACV payment, Foremost breached its obligations to Plaintiff under its written insurance contract.

38. As a direct and proximate result of Foremost's breach of its obligations under the policy, Plaintiff and thousands of other Foremost policyholders have received payment for their losses in amounts less than to what they were entitled under their insurance policies, while other Foremost policyholders did not receive any ACV payment because the amount of the labor depreciation applied to their claim resulted in the claim falling below the deductible stated in their policy.

39. Foremost's practice of depreciating labor in its calculation of ACV payments on property damage claims under Foremost's homeowner or property policies in Missouri is a breach of Foremost's contractual obligations under those policies.

40. Plaintiff seeks to represent the following class:

Electronically Filed - City of St. Louis - January 10, 2017 - 05:20 PM

> All Foremost Insurance Company Grand Rapids, Michigan ("Foremost") property insurance policyholders who submitted a claim for structural damage claim to a property in Missouri, and whose actual cash value ("ACV") payment was reduced by the withholding of labor depreciation, during the time period from January XX, 2007 to the date of trial, inclusive.
>
> This class includes policyholders who submitted claims for which an ACV payment was made on or after January XX, 2007.
>
> This class includes any policyholder who received no payment from Foremost solely because the withholding of labor depreciation caused the value of the claim to drop below the applicable deductible.
>
> Excluded from the class is any policyholder who received the full limits of applicable coverage.
>
> Excluded from the class is any policyholder whose claim was the subject of an appraisal or individual lawsuit.
>
> Excluded from the class are the members of the judiciary and their staff to whom this action is assigned; Foremost and its affiliates, officers and directors; and plaintiff's counsel.

41. On information and belief, the Class consists of thousands of people. It is impractical to join them all in this case.

42. The relatively small amounts of damage suffered by most Class members make filing separate suits by individual Class members economically unfeasible.

43. Plaintiff is similarly situated to the absent members of the Class, and will fairly and adequately represent all members of the Class. Plaintiff has no relationship with Foremost other than as an adverse party in this case.

44. Plaintiff's claims are typical of the Class claims. There are common questions of law and facts that apply to Plaintiff's claims and to the Class claims. These common questions include:

    a. Whether Foremost's written insurance policy allows Foremost to depreciate labor costs in its calculation of ACV payments;

    b.    Whether Foremost's depreciation of labor costs in its calculation of ACV payments is a breach of the insurance policy;

    c.    Whether the definition of "Actual Cash Value" contained in the Foremost insurance policy allows for the depreciation of labor;

    d.    Whether Foremost has a custom and practice of depreciating labor costs in its calculation of ACV payments on structural damage claims regardless of the type of loss; and,

    e.    Whether the named plaintiff and the Class have suffered damage as a result of Foremost's depreciation of labor costs in its calculation of ACV payments.

46. Proposed counsel for the proposed Class, Butsch Roberts & Associates LLC, are knowledgeable and experienced in class and insurance litigation and will fairly and adequately represent the interests of the proposed class.

47. The questions of law and fact common to members of the proposed Class predominate over any individual questions of law or fact affecting any member of the Class. A class action is superior to other available methods for the fair and efficient resolution of this controversy.

48. No unusual difficulties are anticipated in the management of this case as a class action.

## Demand for Judgment

Plaintiff Nelson C. Scherrer, individually, and on behalf of the proposed class, requests that the court grant the following relief:

    a.    Enter an order, under Missouri Rule of Civil Procedure 58.02(b)(3), certifying this action as a class action and appointing Plaintiff Nelson C. Scherrer as the representative of the plaintiff class;

    b.    Enter an order appointing Butsch Roberts & Associates LLC as counsel for the plaintiff class;

c. Enter judgment declaring that Foremost's depreciation of labor costs is contrary to the insurance policies it issued to Plaintiff and members of the plaintiff class;

d. Enter judgment awarding Plaintiff and the members of the plaintiff class as damages all sums depreciated with respect to labor costs under the policy, plus prejudgment interest of 9% on all such sums;

e. Enter judgment awarding class counsel reasonable attorneys' fees and all expenses of this action under Missouri Rule of Civil Procedure Rule 52.08 and the common fund doctrine, and requiring Foremost to pay the costs and expenses of class notice and claim administration; and,

f. Award Plaintiff and members of the class the costs of this action and grant them any further and additional relief to which they may be entitled.

**Jury Trial Demanded**

BUTSCH ROBERTS & ASSOCIATES LLC

By: /s/ David T. Butsch
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
Butsch@ButschRoberts.com
Roberts@ButschRoberts.com

Attorneys for Plaintiff

Electronically Filed - City of St. Louis - January 10, 2017 - 05:20 PM